UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DOUGLAS LONGHINI, Individually,      :
                                     :
        Plaintiff,                   :
                                     :
vs.                                  :   Case No.
                                     :
EQUITY ONE, INC., a Maryland Corporation, :
and FRITANGA MONTELIMAR PLAZA, INC., :
a Florida Corporation,               :
                                     :
        Defendants.                  :
_____/

# COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, DOUGLAS LONGHINI, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, EQUITY ONE, INC., a Maryland Corporation, and FRITANGA MONTELIMAR PLAZA, INC., a Florida Corporation (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.   Plaintiff, DOUGLAS LONGHINI, is an individual residing in Miami, FL, in the County of Miami-Dade.

2.   Defendant EQUITY ONE, INC.'s property, Shoppes at Lago Mar, is located at 15706 SW 72 Street, Miami, FL 33193, in the County of Miami-Dade.

3.   Defendant FRITANGA MONTELIMAR PLAZA, INC.'s (hereinafter, sometimes known as "FMP") property, the restaurant Fritanga Montelimar, is located at 15722 SW 72

Street, Miami, FL 33106, in the County of Miami-Dade.  Defendant FMP is a tenant of Shoppes at Lago Mar.

4.      Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs.  The Defendants' property is located in and does business within this judicial district.

5.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

6.      Plaintiff DOUGLAS LONGHINI is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Longhini requires the use of a wheelchair, as he has cerebral palsy.  Mr. Longhini also has limited use of his hands and limited ability to grasp objects.  Mr. Longhini has visited the subject property on numerous occasions, and he definitely intends to return to the subject facility in the near future.  The Plaintiff has encountered architectural barriers at the subject property, and will in the future continue to encounter architectural barriers at Shoppes at Lago Mar and Fritanga Montelimar, until the barriers are corrected.  The barriers to access are described in paragraph 9.  These barriers to access at the property have endangered his safety.

7.      Defendants own, lease, lease to, or operate places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to are known as Shoppes at Lago Mar and Fritanga Montelimar, and are located at 15706 SW 72 Street, Miami, FL 33193

and 15722 SW 72 Street, Miami, FL  33106, respectively.

8. DOUGLAS LONGHINI has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants.  DOUGLAS LONGHINI desires to visit Shoppes at Lago Mar and Fritanga Montelimar, not only to avail himself of the goods and services available at the properties, but to assure himself that these properties are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of Shoppes at Lago Mar and Fritanga Montelimar has shown that violations exist.  These violations that DOUGLAS LONGHINI personally encountered include, but are not limited to:

**Parking**  **(Applies only to Defendant Equity One, Inc.)**

a) The plaintiff had difficulty exiting the vehicle as the designated parking space access aisle was located on an excessive slope. Violation: Some of the disabled use access aisles are located on a slope in violation of Sections 4.6.3 and 4.6.6 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

3

b) The plaintiff had difficulty exiting the vehicle as the designated parking space was located on an excessive slope. Violation: Some of the disabled use spaces are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

c) There are accessible spaces that do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG and Section 502.6 of the 2010 ADA Standards, whose resolution is readily achievable.

**Entrance Access and Path of Travel** (Applies only to Defendant Equity One, Inc.)

a) The plaintiff could not traverse through areas of the facility as the required 36" path is not provided. Violation: There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG and Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

b) The plaintiff had difficulty entering some of the tenant spaces as the door thresholds were too high. Violation: There are rises at the thresholds of entrances at the facility in excess of 1/2 of an inch, violating Sections 4.5.2 and 4.13.8 of the ADAAG and Sections 404.2.5, 302 and 303 of the 2010 ADA Standards, whose resolution is readily achievable.

c) The plaintiff experienced a hazardous situation as the curb ramp protrudes into the vehicular pathway. Violation: There are curb ramps at the facility that project into vehicular areas in violation of Section 4.7.6 of the ADAAG, whose resolution is readily achievable.

d) The plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG, whose resolution is readily achievable.

**Access to Goods and Services** (Applies only to Defendant Equity One, Inc.)

a) The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG and the 2010 ADA Standards.

b) The plaintiff could not use some of the counters as they are mounted too high. Violation: There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG and Sections 227.3 and 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**Public Restrooms** (Applies to both Defendants, Equity One, Inc. and FMP)

a) The plaintiff could not use the paper towel dispenser without assistance as it was mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG and Sections 308.2 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

b) The plaintiff could not use the mirror as it was mounted too high. Violation: The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

c) The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes were not wrapped. Violation: The lavatory pipes were not fully wrapped or maintained in violation of Sections 4.19 and 36.211 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

d) The plaintiff could not use the toilet without assistance as the required grab bars were not provided. Violation: Compliant grab bars are not provided in the restrooms prescribed in Sections 4.16.4, 4.26 and Figure 29 of the ADAAG and Sections 604.5.2 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

e) The plaintiff had difficulty using the toilet without assistance as it was mounted too far from the wall. Violation: The water closets are mounted at a non-compliant distance from the wall in violation of Section 4.16.2 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

f) The plaintiff could not use the toilet stall without assistance as the required turning space is not provided: Violation: The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG and Section 604 of the 2010 ADA Standards, whose resolution is readily achievable.

g) The plaintiff could not exit the restroom stall without assistance as the required maneuvering clearance was not provided. Violation: The restroom does not provide the required latch side clearance violating Sections 4.13.6 and Figure 25 of the ADAAG, and Section 404.2.4.1 and table 404.2.4.1 whose resolution is readily achievable.

h) The plaintiff could not enter the restroom without assistance as the required door hardware is not provided. Violation: The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG and Sections 404.2.7 and 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

i) There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG and Sections 703.4.1 and 703.4.2 of the 2010 ADA Standards, whose resolution is readily achievable.

11. The foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

12. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to

afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' places of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

17.  Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter Shoppes at Lago Mar and Fritanga Montelimar to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendants cures their violations of the ADA.

` **WHEREFORE,** Plaintiff respectfully request:

a.  The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.  Injunctive relief against the Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable

under Title III of the Americans with Disabilities Act.

                Respectfully submitted,

Dated:  December 6, 2016     */s/  John P. Fuller*
                John P. Fuller, Esq.  **(Trial Counsel)**
                (FBN 0276847)
                FULLER, FULLER & ASSOCIATES, P.A.
                12000 Biscayne Blvd., Suite 502
                North Miami, FL 33181
                (305) 891-5199
                (305) 893-9505 - Facsimile
                jpf@fullerfuller.com

                Counsel for Plaintiff DOUGLAS LONGHINI